UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH W. PEEPLES, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 24-1017 (UNA) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner challenges the validity of the criminal indictment giving rise to criminal proceedings against him in the United States District Court for the Western District of New York. *See* Pet. at 3, 4, 9. According to Petitioner, the indictment does not bear the proper endorsement, *id*. at 3, thus calling into question his criminal conviction, *see id*. at 2, 6.

Insofar as Petitioner presents a collateral attack on his conviction, his remedy, if any, is in the sentencing court by motion under 28 U.S.C. § 2255, *see Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997), which in relevant part provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This is not the sentencing court.[1]

---

[1] The sentencing court's denial with prejudice of Petitioner's § 2255 motion, *see Peeples v. United States*, No. 6:17-cr-6032 (W.D.N.Y. Jan. 17, 2023), does not confer jurisdiction on this

The Court GRANTS Petitioner's application to proceed *in forma pauperis* and DISMISSES the petition without prejudice for lack of jurisdiction. A separate order of dismissal accompanies this Memorandum Opinion.

DATE: May 6, 2024                                              AMIT P. MEHTA
                                                               United States District Judge

---

Court. Insofar as Petitioner demands a copy of the indictment at no cost to him, the docket of the criminal case reveals that the Clerk of Court sent him copies of the docket sheet, the criminal complaint and affidavit, the arrest warrant, and the indictment, on February 14, 2023.